UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
In re:                                                         :
                                                               :  Chapter 7
JAR 259 FOOD CORP.,                                            :
                                                               :  Case No. 22-40304 (JMM)
                           Debtor.                             :
---------------------------------------------------------------x
YANN GERON, solely in his capacity as Chapter 7                :
trustee for Jar 259 Food Corp.,                                :
                                                               :
                           Plaintiff,                          :
                                                               :
            -against-                                          :  Adv. Pro. No. 22-01021 (JMM)
                                                               :
THE LCF GROUP, INC. A/K/A LAST CHANCE                          :
FUNDING GROUP, INC., ANDREW PARKER,                            :
AND THE JOHN DOE AND JANE DOE                                  :
INVESTORS,                                                     :
                                                               :
                           Defendant(s).                       :
---------------------------------------------------------------x

## STIPULATION DISMISSING ADVERSARY
## PROCEEDING WITHOUT PREJUDICE

**WHEREAS**, on April 7, 2022, Jar 259 Food Corp. (the "Debtor") filed an adversary complaint (the "Complaint") against The LCF Group, Inc. a/k/a Last Chance Funding Group, Inc., Andrew Parker, Yoel Wagschal, and the John Doe and Jane Doe Investors (collectively, the "Defendants") [ECF Docket No. 1] commencing the above-captioned adversary proceeding (the "Adversary Proceeding"); and

**WHEREAS**, on May 9, 2022, the Defendants filed a Motion for Entry of an Order Dismissing the Complaint Against the Defendants (the "Motion to Dismiss") [ECF Docket No. 6]; and

**WHEREAS**, the Debtor filed a brief in opposition to the Motion to Dismiss [ECF Docket No. 9] and the Defendants filed a reply brief [ECF Docket No. 13]; and

**WHEREAS**, the Court heard argument on the Motion to Dismiss on August 10, 2022, at which time the Debtor requested leave to amend the Complaint; and

**WHEREAS**, the Court entered an Order granting the Debtor leave to amend the Complaint, which also directed the parties to confer regarding the need for supplemental briefing on the Motion to Dismiss and to submit a proposed briefing schedule [ECF Docket No. 16]; and

**WHEREAS**, on September 12, 2022, the Debtor filed an Amended Complaint [ECF Docket N0. 18] (the "Amended Complaint"); and

**WHEREAS**, on September 21, 2022, the Debtor filed a letter setting forth the parties' proposed briefing schedule [ECF Docket No. 19]; and

**WHEREAS**, on September 29, 2022, the Court converted the Debtor's case under Chapter 11, Subchapter V of Title 11 of the U.S. Code (the "Bankruptcy Code") to a case under Chapter 7 of the Bankruptcy Code [Bankruptcy Docket No. 210]; and

**WHEREAS**, on October 3, 2022, the Office of the United States Trustee appointed Yann Geron as the Chapter 7 trustee ("Trustee") in the Debtor's chapter 7 case; and

**WHEREAS**, the Trustee and the Defendants subsequently agreed to modify the supplemental briefing schedule on the Motion to Dismiss to extend the briefing deadlines [ECF Docket Nos. 21, 24 and 25] so that the Trustee could conduct an investigation of the facts and circumstances alleged in the Amended Complaint and evaluate the need to further amend the complaint; and

**WHEREAS**, on January 16, 2023, the Court entered a Scheduling Order [ECF Docket No. 27], wherein it approved the parties modified supplemental briefing schedule, but directed that the parties could not further amend the supplemental briefing schedule unless the parties appear for a

Pre-Trial Conference to update the Court on the status of discovery and settlement discussions, if any; and

**WHEREAS**, the Trustee has not yet completed his investigation of the facts and circumstances alleged in the Amended Complaint; and

**WHEREAS**, the Defendants have indicated that they would not agree to a further modification of the supplemental briefing schedule and have requested that the Trustee dismiss the Adversary Proceeding without prejudice until such time as the Trustee completes his investigation; and

**WHEREAS**, the parties are desirous of avoiding the costs and expenses of engaging in supplemental briefing prior to the conclusion of the Trustee's investigation and determination whether he will seek to file a second amended complaint; and

**WHEREAS**, the parties seek to dismiss the Complaint and Adversary Proceeding, without prejudice until such time as the Trustee is able to completes his investigation, and

**NOW, THEREFORE, IT IS STIPULATED AND AGREED AS FOLLOWS:**

1. Pursuant to the terms of the Stipulation and Fed. R. Civ. P. 41(a)(1)(A)(ii), made applicable herein pursuant to Fed. R. Bankr. P. 7041, the Adversary Proceeding is dismissed in its entirety, without prejudice.

2. Upon the conclusion of his investigation, should he deem it appropriate, the Trustee may commence an adversary proceeding against the Defendants by filing a new adversary proceeding against the Defendants through the filing of a new complaint.

3. Any and all applicable statutes of limitations, statutes of repose, the equitable doctrine of laches, and any other time-related defense or rule that is premised upon delay in filing, notifying or in taking any action (collectively, "Limitations Defenses"), and any defense and/or

counterclaims of the Defendants specifically related to these time-related deadlines (collectively, the "Defenses"), shall be waived and tolled through and including July 31, 2023 (the "Tolling Period") and the Tolling Period shall not be used in calculating any applicable Limitations Defenses.

4. Except as specifically provided herein, the rights, obligations, positions, claims and defenses of the parties hereto shall in no way be affected by this Stipulation and such rights, obligations, positions, claims and defenses are specifically reserved. The execution of this Stipulation, and/or anything contained herein shall not operate as an admission of liability or responsibility by the parties hereto and shall not be so construed, nor shall this Stipulation be used as evidence in any action or proceeding for any purpose other than the enforcement of the terms hereof. No independent claim or cause of action shall be created by this Stipulation; provided, however, that nothing contained in this Stipulation, including the foregoing provisions of this sentence, shall act in any way to limit or diminish the right of any party to this Stipulation to seek to enforce this Stipulation.

5. This stipulation may be executed in one or more counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same instrument.

6. Any signature delivered by a party via electronic transmission shall be deemed an original signature hereto.

**IN WITNESS WHEREOF**, the parties have caused this stipulation to be executed by their duly authorized representatives as of the date set forth below.

Dated: New York, New York
March 14, 2023

KLESTADT WINTERS JURELLER
SOUTHARD & STEVENS, LLP

By: _____
Fred Stevens
Brendan M. Scott
200 West 41st St., 17th Floor
New York, New York 10036
Tel: (212) 972-3000
Email: fstevens@klestadt.com
        abrown@klestadt.com

*Counsel for Yann Geron, solely in
his capacity as Chapter 7 Trustee*

Dated: New York, New York
March 13, 2023

LAMONICA HERBST &
MANISCALCO, LLP

By: _____
Joseph S. Maniscalco, Esq.
3305 Jerusalem Avenue, Suite 201
Wantagh, New York 11793
(516) 826-6500
jsm@lhmlawfirm.com

*Counsel for Defendants*

Dated: March 16, 2023
Brooklyn, New York



_____
**Jil Mazer-Marino
United States Bankruptcy Judge**